### J. J. PARSONS v. GEORGE W. WILSON and Others.[1]

April 20, 1905.

Nos. 14,240—(46).

**Gaming—Pleading.**

The complaint herein alleges that the defendants were running and playing games of poker for money; that the plaintiff played such games with them, and lost and paid to them the sum of $665.50, which they won and took from him in the games so played, and have not repaid the same to him. *Held*, that the complaint states a cause of action against the defendants, and that there is neither a defect of parties defendant to the action, nor an improper joinder of several causes of action.

[1] Reported in 103 N. W. 163.

Appeal by defendants from an order of the district court for Nobles county, P. E. Brown, J., overruling defendants' demurrer to the complaint. Affirmed.

*C. M. Crandall* and *George W. Wilson & Son,* for appellants.

*J. J. Parsons,* pro se.

START, C. J.

The here material allegations of the amended complaint are as follows: That during all the time mentioned in this complaint the defendants, under the name of the Worthington Whist Club, were engaged in running and playing games of chance, called "poker," with cards, for money, in the rooms in the second story of a building located on lot 13 of block 7 in the village of Worthington, Minnesota; that at different times between February 16, 1903, and December 24, 1903, inclusive, as is shown by the bill of particulars filed herein with the clerk of the district court, the plaintiff was induced by the defendants to play and did play with them in games of cards, commonly called "poker," for money, and during the times mentioned herein the plaintiff lost to the defendants and delivered to the defendants, in the games of cards so played with them, the sum of $665.50, over and above all sums won from the defendants by plaintiff in all of the games of cards played with the defendants herein mentioned; and that the defendants won and took from the plaintiff, in the games so played with the plaintiff, the sum of $665.50, over and above all sums of money won by the plaintiff from defendants, no part of which has ever been repaid by defendants to plaintiff. The defendants demurred to the complaint on the grounds that there is a defect of parties defendant, that several causes of action are improperly united, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the trial court, and the defendants appealed from the order.

The contention of the defendants, briefly stated, is to the effect that the bill of particulars referred to in the complaint is in fact a part thereof, although it is not formally so stated therein; that, reading the complaint and the bill of particulars together, it appears therefrom that the plaintiff has united in his complaint a number of independent causes of action against each of the several defendants;

94 M.—27

and, further, that in a game of poker each party plays for himself alone, and the loser can only hold the party to whom he lost for the amount won from him, and hence the complaint alleges several separate causes of action against each of the several alleged winners set forth in the bill of particulars. If this be the proper construction of the complaint, it may be conceded that the demurrer should have been sustained. It is, however, too obvious for serious argument that the complaint cannot be so construed, even if its allegations be considered in connection with the bill of particulars, which is not necessarily inconsistent with the allegations of the complaint. The complaint clearly and directly alleges that the defendants were running and playing games of poker for money, and that the plaintiff played with them, and lost and paid to them the amount named; which they won and took from him in the games so played. It necessarily follows from these allegations that the complaint states a cause of action, and that there is neither a defect of parties defendant, nor an improper joinder of several causes of action. G. S. 1894, § 6593.

The demurrer was rightly overruled. Order affirmed.